UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL W. WHITTED,

    Plaintiff,

v.     Case No. 8:24-cv-2288-WFJ-NHA

SARASOTA MEMORIAL HOSPITAL,

    Defendant.
_____/

## ORDER

*Pro se* Plaintiff Daniel W. Whitted, an inmate at a county jail in Missouri, initiated this action by filing a civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Mr. Whitted alleges that in August 2021, he was transported to Sarasota Memorial Hospital following a car accident on I-75. (*Id.* at 1). He allegedly underwent three "illegal surger[ies]" without his "knowledge or medical consent." (*Id.* at 1-2). According to Mr. Whitted, the surgeries were a pretext to install "electronic devices" into his hip and foot. (*Id.* at 2). These devices employ "voice [to] skull technology" to "electronically harass[]" Mr. Whitted, causing "altered brain waves, psychological brainwash[ing]," and "public nudity/video voyeurism." (*Id.* at 2-3). Mr. Whitted seeks to hold Sarasota Memorial Hospital responsible for this unauthorized "brain experimentation" and "neuro monitoring." (*Id.*)

Having reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B),[1] the Court concludes that this action must be dismissed as frivolous. "A claim is frivolous if it is without arguable merit either in law or fact," including where it "describ[es] fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Section 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Mr. Whitted alleges that staff members at Sarasota Memorial Hospital implanted electronic devices under his skin to control his thoughts and behavior. Courts have repeatedly held that similar allegations of illegal medical experimentation are patently frivolous. *See, e.g.*, *Hogan v. Georgia*, 812 F. App'x 975, 976 (11th Cir. 2020) ("[Plaintiff's] complaint of a vast conspiracy to engage in illegal medical experimentation is patently frivolous."); *Mitchell v. Dozier*, No. 6:18-cv-004, 2018 WL 3846318, at *5 (S.D. Ga. Aug. 13, 2018) ("Plaintiff's claims that unnamed members of the security and medical staff at GSP implanted transmitters into him to monitor and manipulate his emotions, thoughts, and actions are pure fantasy."), *adopted by* 2018 WL 5603638 (S.D. Ga. Oct. 30, 2018); *Williams v. Karf*, No. 4:10-cv-221, 2010 WL 5624650, at *1 (S.D. Ga. Dec. 20, 2010) ("Plaintiff's allegation that federal agents are somehow without his knowledge

---

[1] The Court construes Mr. Whitted's failure to pay the filing fee as a request to proceed *in forma pauperis*. A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

implanting electronic devices into his 'brain and body' is factually frivolous."), *adopted by* 2011 WL 201770 (S.D. Ga. Jan. 19, 2011).

Accordingly, it is **ORDERED** that Mr. Whitted's civil-rights complaint (Doc. 1) is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2)(B). Because any amendment "would be futile," the Court declines to grant Mr. Whitted leave to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The Clerk is directed to enter judgment against Mr. Whitted, terminate any pending motions, and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on October 3, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE